UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT A. DEPACK, JR., <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY CORRECTIONAL FACILITY, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-08244 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Robert A. Depack, Jr., Plaintiff Pro Se
202 Lippincott Ave.
Riverside, NJ 08075

**SIMANDLE, Chief District Judge:**

    1. Plaintiff Robert A. Depack seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

    2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

2

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

7. Because Plaintiff has not sufficiently alleged that a "person" deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement from 1999 to 2014. Complaint § III. The fact section of the complaint states:

"Conditions of facility are considered inhumane." *Id.* Plaintiff further states: "back problems for sleeping on hard concrete floors." *Id.* § IV. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. Plaintiff alleges that he slept on the floor, presumably because no open beds were available. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some

relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11. In addition, Plaintiff's conclusory and cursory allegation that the "conditions of [the] facility are considered inhumane," without additional facts, is not sufficient to state a claim for relief.

12. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[3] the Court shall

---

[3] To the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to November 4, 2014, those claims are barred by the statute of limitations. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Plaintiff is unclear as to the dates of his confinement, stating only that he was confined "1999 – 2014." The allegedly unconstitutional conditions of confinement at CCCF, namely the overcrowded conditions, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims may have expired as early as 2001, well before this complaint was filed on November 4, 2016. In the event Plaintiff elects to file an amended complaint, he should focus on facts that occurred during confinements on or subsequent to November 4, 2014, if any such confinements occurred. Claims arising from periods of confinement ending prior to November 4, 2014, are barred by the statute of limitations, meaning that Plaintiff may not recover for those claims and may not assert them in an amended complaint.

6

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

13. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

14. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15. An appropriate order follows.

**April 17, 2017**     **s/ Jerome B. Simandle**
Date     JEROME B. SIMANDLE
     Chief U.S. District Judge

---

[4] The amended complaint shall be subject to screening prior to service.